'Battle J.
The'General Assembly, by an Act which went into effect the 11th day of February, 1863, imposed a tax of all tbe nett profits above seventy-five. per.cent, upon tbe cost of production on every person or corporation manufacturing cotton or woolen cloth, or a mixture of both, from and after the first day of January of the same year The plaintiffs were manufacturers of cotton cloth on the first day of January, 1863, and continued to he so during that year, and having, as they admitted, made a-profit of $1500 in their business, between the first day of January and the 11th day of February, they paid the same t;> t.:-; Sheriff under protest, and brought this action to recovo:-' i~ badc. '
In the argument; here the counsel for the i.iamiiff c---; tends that tho Legislature had no power am..-/ upon the pace profits oí the plaintiff's business. He insist'..: that ‘.be tax is in effect a capitation i<x, ,ui:d as .such, is ::n *225 posed contrary to the Ordinance of the Convention of 1861, entitled, “ An Ordinance in relation to taxation.1' That ordinance provides that, all free males over the age of tweny -one years and under tin: age of forty-live years shall bo snog"'! to a capitation lax, not less than the tax laid on lauto; rhe value of three hundred dollars, and ao other free person shall he liable to such luxation ; and at,-,.') Inna an ; slaves shall be taxed according to their value, and the tax ->n slaves shall be as much but not more than that on hintl according to their respe-.ive values ; but the tax ou (slaves may be laid ou t heir general average value in the ¡Stake or on their value in classes in respect to age, sex. and other distinctive properfic . In the discretion of th'-(«cneriil Assembly, .and the value b a-.-.essed in such mode.- us may be pro scribed, by law.’" Ji is manifest that if the tax to whi.fb the plaintiffs object be a capitation tax, it is not as-sehi uccordanee with -the provisions of this ordinance, and (no act imposing it is in violation of the iiimhimeiital Taws of the State'. and is therefore void. The question then is. ein .he rex bo & emeu a captation or poll tax ? The lOtiusm insists1 t i;al it is for ¡he following reasons; A tax, i on i ■<? lau>., fram uises. slaves or oilier pe, sima] ei.¡i. ami ebw.iiis 'i a act:ou wifr.fr. a man now owns. ;s a tax . . if..-, properly, amt is a ieguiimitp imped upon him. ¡tro he .'my h" r’ghtfuily lam .1 on tii# profm of his hitsim ss, pr • -mm ■■ *uh. f.u ,. femuu I-- .hlh’V a ..y • ■mficalnr btisiu.'ss, promssion or iru !e. mui a tax ou.it.iy aif.cle or u,-:,!11: formef r nvned. hut which he has herc-io- >r; e -a. miief. ic-d. or f T.vye l, or upnnffce profits of a bitiir.es:-., oroi'e:, don or irmla widen he followed, or in wliicb be w:;.;} engaged, in bygone tunes, which prolits he has consumed, hist, destroyed, or <’owe: tod into some other hind of-,.; ,.:<í-rlv ; or upon a lice i * < V: .'Stole' c granted, to pur *226 .sue a business profession or trade which he has ceased to follow or be engaged in, can not be called a tax on property profits or licenses, because when it is imposed, the subjects of it have no existence. Being'’ past and gone, they are to be considered as if they never had been. Such .a tax then, can be only upon the person. It is to all intents and purposes, nothing more nor less than a capitation or poll tax. This is a succinct statement of the argument of the plaintiff's counsel, presented by him, however, in a variety of views, and with many ingenious illustrations.. Of its force and conclusiveness, we do not feel'ourselves called upon to judge; because we do not think it .applies to the law’ in question, as we shall now endeavor to show.
The act required that the manufacturers of cotton cloth, who carried on their business from and after the first day of January, 1863, should pay annually a certain tax upon their profits. It ,was well known to those who passed the act that such manufacturer* did not, 'and from the nature of their business, could not, ascertain and declare a dividend of profits, either daily, weekly or monthly. Hands had to be employed, raw materials purchased and a great many things done before sales could be made and accounts stated.so.as to show what the profits were. It <vas well known, too, to the legislature that partnerships and corporations were in the habit of declaring dividends at certain stated-periods, usually annually or .semi-annually, but never as frequently as monthly, or even quarterly. It was further known that winter was mainly the time for preparing the ensiling years’ work by hiring workmen, purchasing supplies, &c., and hence was the time for expenses rather than profits, for the latter were.'to be realized after-wards. Hence, there could he no profits, properly speaking, for the first month or two of the year, and when they did accrue the law would be in' force and would apply to *227 them as present and accruing,' and not past profits. It certainly can be, no” objection to the validity of the act that the work and materials which-were to produce the profits after its ratification ware in existence prior.to that time.
But it may bo said that the bill of exceptions states ás a fact that a certain sum 'was realized as profits between the first day of January, 1863, and the 11th day of February of-the same year, when the act was ratified, and that we must take the fact to be so, without enquiring'as to how it was ascertained. A sufficient reply, we think, is-this that the law directed the tax upon the profits to be paid annually, and clearly means such profits as are ascertained in the usual way, and at the usual stated periods. If the plaintiffs kept their hooks so as to have a balance sheet of profits and loss struck de die in diem or from w.eek to week, or month to month, it ought to have been so stated in the case ; for we know that such a course, iu business of the kind in which they were engaged,-is not common, even if it be possible. They certainly had no right to do what we suspect they did — that is, make out the account of profits at the end of a half year, and then calculate the average per month or week. Profits have never in fact been realized in such way; .and the legislature never intended that they should be asoertaine 1 by such a ’node of calculation.
Our conclusión then is that the act of the legislature in question did not apply to profits past and gone, but to profits then, in t'.io process of being made,' and which were in fact ascertained and declared after the law went into effect, and that consequently the act is-constitutional and valid. . . *
Judgment affirmed.